### PARKUS v. CREDIT CLEARING HOUSE.

(Supreme Court, Appellate Term. March 5, 1909.)

EVIDENCE (§ 598*)—WEIGHT AND SUFFICIENCY—PREPONDERANCE.

    In an action by a stenographer for services rendered upon the employment of an attorney, the attorney testified that he engaged plaintiff with the consent of defendant's representative, which such representative denied. The value of the service was not questioned, nor was the attorney's testimony corroborated. *Held*, that the evidence was insufficient to show by a preponderance that defendant authorized the employment of plaintiff, so as to render it liable for his services.

    [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 598.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Herman Parkus against the Credit Clearing House. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Michael H. Wolfe, for appellant.
Low & Carey, for respondent.

DAYTON, J. This is an action to recover for services as stenographer, rendered upon the employment of an attorney retained and paid by defendant. The attorney testified that with the consent of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant's representative plaintiff was engaged to take minutes in a certain proceeding. The value of the services is not questioned, nor was the attorney's testimony corroborated. Defendant's representative specifically denied the testimony of the attorney, and stated that defendant had in its employ a stenographer competent for the work, whom said attorney knew. Plaintiff failed to establish his cause of action by a preponderance of proof. See Sherry v. Proal, 125 App. Div. 508, 109 N. Y. Supp. 1008, approving Losee v. Morey, 57 Barb. 562.

Judgment affirmed, with costs. All concur.